JOURNAL ENTRY AND OPINION
{¶ 1} Patrick Holivay ("Patrick") appeals from the trial court's denial of his motion for a stay in a judgment transfer collection matter. Patrick argues the trial court erred in not staying the matter to allow him to file a Civ.R. 60(B) motion with the Cuyahoga County Court of Common Pleas. For the following reasons, we dismiss the appeal for want of jurisdiction.
 {¶ 2} In 1995, Athena Holivay ("Athena") and Patrick were divorced under a decree of the Superior Court of San Bernadino County, California. In dividing the benefits between the parties, the California court determined that Athena was entitled to a percentage of Patrick's military retirement benefits. Athena never *Page 3 
received any of Patrick's retirement benefits and, in 2006, she brought an order to show cause. The California court determined that Patrick failed to make any payments to Athena from December 5, 1995 through July 30, 2004. Therefore, the California court determined that Patrick owed Athena $59,797.92 in past due military retirement as well as $11,100, which the court previously ordered as an equalization payment.
 {¶ 3} Athena registered this foreign judgment in the Cuyahoga County Court of Common Pleas, which was journalized on June 15, 2006. The case was then transferred to the Cleveland Municipal Court for execution. The trial court in this case garnished Patrick's bank accounts and attached his wages. Patrick objected to the attachment of his wages and bank accounts and, during the entire proceeding, argued that he was not responsible for paying Athena his retirement benefits. Patrick claimed the military, or specifically, the Defense Finance and Accounting Service, was responsible for paying the benefits. Accordingly, Patrick filed a motion to stay the case to allow him to file a Civ.R. 60(B) motion for relief from judgment in the Cuyahoga County Court of Common Pleas. The trial court denied the stay and determined that the court's August 8, 2006 garnishment order remained.
 {¶ 4} Patrick appeals from this order, raising the following four assignments of error:
 {¶ 5} "I. Whether trial court erred in refusing to grant a stay toallow appellant to file a 60(B) motion in Common Pleas Court becauseappellee has led Ohio court to rely on a California ruling that was nota *Page 4 final, appealable order, that was being litigated in California, and thetrial court's decision to deny the stay has caused appellant irreparableharm.
 {¶ 6} "II. Whether trial court erred in refusing to grant a stay toallow appellant to file a 60(B) motion in Common Pleas Court becauseuntil litigation in California concluded over ruling on submitted matterwas only the 1995 California divorce judgment was entitled to full faithand credit in Ohio (sic).
 {¶ 7} "III. Whether trial court erred in refusing to grant a stay toallow appellant to file a 60(B) motion in Common Pleas Court based onthe fact that the ruling on submitted matter was misinterpreted.
 {¶ 8} "IV. Whether trial court erred in refusing to grant a stay toallow appellant to file a 60(B) motion in Common Pleas Court and as aresult, appellant is in double jeopardy with garnishment orders from twocounts in California and Ohio, and both courts appear to be punitivelytaking out their frustration with the Federal Government onappellant."
 {¶ 9} A court of appeals only has jurisdiction over orders that are both final under Civ.R. 54(B) and appealable under R.C. 2505.02.Grogan v. Grogan Co. Inc. (2001), 143 Ohio App.3d 548. This court, as well as other Ohio courts, have previously determined that an order denying a stay of proceedings is not a final appealable order under R.C.2505.02(B)(4). See Cleveland v. Zakaib (Oct.12, 2000), Cuyahoga App. Nos. 76928, 76929, 76930 (the appeal was dismissed for lack of jurisdiction because the order denying a stay of proceedings was not a final appealable order); Grogan, supra (a motion to stay the matter was not a provisional remedy and was therefore not an appealable order);Watson v. Driver Management, Inc. (1994), 97 Ohio App.3d 509 (it is settled law, requiring no citations, that a stay order is not a final appealable order); Community First Bank Trust v. Dafoe, 108 *Page 5 
Ohio St.3d 472, 2006-Ohio-1503 (a court's order staying an action, including the claims against nonbankrupt parties, pending determination of the bankruptcy of another party, is not a final order subject to appeal under former R.C. 2505.02).
 {¶ 10} Accordingly, because the denial of a stay of proceedings is not a final appealable order, we must therefore dismiss this appeal for lack of jurisdiction. Zakaib, supra. The same reasoning applies to Athena's motion for award of expenses, attorney's fees and punitive damages filed with this court. We do not have jurisdiction to rule on this motion.
 {¶ 11} This appeal is dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1