[Cite as *DeVito v. Grange Mut. Cas. Co.*, 2013-Ohio-3435.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99393**

# KATHLEEN R. DEVITO

PLAINTIFF-APPELLEE

vs.

# GRANGE MUTUAL CASUALTY CO., ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-790538

**BEFORE:**   S. Gallagher, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   August 8, 2013

**ATTORNEYS FOR APPELLANTS**

Brian Borla
Frank G. Mazgaj
Hanna, Campbell & Powell, L.L.P.
3737 Embassy Pkwy., Suite 100
Akron, OH   44333


**ATTORNEY FOR APPELLEE**

Christopher M. DeVito
Morganstern, MacAdams & DeVito Co., L.P.A.
623 West St. Clair Avenue
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellants, Grange Mutual Casualty Company ("Grange") and Zito Insurance Agency, Inc. ("Zito"), appeal the decision of the Cuyahoga County Court of Common Pleas that denied in part their motion to stay the bad-faith claim. For the reasons stated herein, we reverse the decision of the trial court insofar as it denied a stay of discovery on the bad-faith claim.

{¶2} On August 31, 2012, appellee Kathleen R. DeVito filed a complaint against Grange and Zito. DeVito alleged that Grange and Zito breached their contract of homeowners residential insurance with DeVito when they denied coverage for her claim for rafter and roof damage to her home. DeVito further alleged that Grange and Zito breached their covenant of good faith and their fiduciary duty to DeVito by denying her claim.

{¶3} Following initial proceedings, Grange and Zito filed a motion to bifurcate the bad-faith claim from the contract claim and motion to stay the bad-faith claim. The trial court granted the motion in part and denied the motion in part and ordered that "trial of the bad faith claim shall commence, if necessary, immediately upon the conclusion of the trial of the breach of contract claim. Discovery shall proceed on all issues."

{¶4} Grange and Zito have appealed the trial court's ruling. Their sole assignment of error provides as follows:

The trial court erred in allowing discovery to proceed on all issues, and not staying discovery of the bad faith claim until after resolution of the underlying breach of contract claim.

{¶5} Initially, we must recognize that the issue in this matter is not whether DeVito can obtain discovery from the insurance claim file on her bad-faith claim. Grange and Zito concede that discovery of attorney-client and/or work-product documents created prior to the denial of coverage that are related to the bad-faith claim are discoverable.

{¶6} Indeed, in *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 744 N.E.2d 154 (2001), the Ohio Supreme Court recognized an exception to the attorney-client privilege with regard to communications showing an insurance company's lack of good faith in denying coverage. The court held as follows:

[I]n an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage. * * * Of course if the trial court finds that the release of this information will inhibit the insurer's ability to defend on the underlying claim, it may issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim.

*Id*. at 213-214.

{¶7} In *Boone*, the trial court had ordered the insurance company to submit its claims file to the court for an in camera inspection to determine which documents, if any,

were protected from discovery. *Id*. at 210. The Ohio Supreme Court reviewed the documents to determine which documents were subject to disclosure. *Id*. at 214-215. The court indicated that the distinction between which documents should be afforded privilege and which are undeserving of protection because they show a lack of a good-faith effort to settle "could easily be eliminated by staying the bad faith claim until the underlying claim has been determined." *Id*. at 212.

{¶8} The court in *Boone* noted that because the issue had not been raised, it would not be deciding whether the case, which involved solely a discovery issue, met the requirements for a final, appealable order, "in particular R.C. 2505.02(B)(4)(b)." *Id*. at 211, fn. 5. R.C. 2505.02(B)(4) provides that an order that grants or denies a provisional remedy constitutes a final, appealable order if (a) "[t]he order in effect determines the action * * * and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy[,]" and (b) "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment * * *."

{¶9} At least one court has determined that an order with regard to the discovery of a claims file constitutes a final, appealable order. *See Stewart v. Siciliano*, 2012-Ohio-6123, 985 N.E.2d 226 (11th Dist.). That decision recognized that although discovery issues are generally interlocutory in nature, provisional remedies ordering discovery of privileged material are final and appealable. *Id.* at ¶ 42, citing *Cobb v. Shipman*, 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676. We agree and also

find that an order denying a stay of discovery with regard to attorney-client communications or work-product documents relating to a bad-faith denial-of-coverage claim meets the requirements of R.C. 2505.02(B)(4). As recognized in *Boone*, a stay of disclosure may be necessary pending the outcome of the underlying claim when the court finds that the release of this information will inhibit the insurer's ability to defend on the underlying claim. *Boone*, 91 Ohio St.3d at 214, 744 N.E.2d 154. We find that in such a case, the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment. Because the requirements of R.C. 2505.02(B)(4) are satisfied, we conclude that there is a final, appealable order in this matter.

{¶10} Generally, a trial court's decision in discovery matters, including whether to stay discovery, is reviewed under an abuse of discretion standard. *See State ex rel. Keller v. Columbus*, 164 Ohio App.3d 648, 2005-Ohio-6500, 843 N.E.2d 838, ¶ 39 (10th Dist.). To constitute an abuse of discretion, the trial court's ruling must be "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶11} In this case, the trial court granted the motion to bifurcate but denied a stay of discovery on the bad-faith claim. It is apparent that the claims in the matter are interrelated and that allowing the discovery to proceed on the bad-faith claim would be prejudicial to Grange's defense on the other claims.

{¶12} In *Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App.3d 258, 2003-Ohio-5960, 800 N.E.2d 757 (2d Dist.), a trial court was found to have abused its discretion where it failed to stay the discovery for a bad-faith claim until after resolution of the breach-of-contract and unfair-practices claims. The loss arose after the insureds' warehouse burned and their personal belongings were destroyed in the fire. *Id*. at ¶ 3. The insureds filed suit after Grange failed to adjust and pay the claim. *Id*. at ¶ 4. The appellate court found that failing to bifurcate the bad-faith claim for trial and to stay discovery on the claim would be grossly prejudicial to Grange and constituted an abuse of discretion. *Id*. at 29. The court stated that "[t]o require Grange to divulge its otherwise privileged information prior to a resolution of the other claims would unquestionably impact Grange's ability to defend against them" and that the trial court acted unreasonably by failing to prevent that prejudice by bifurcating trial and staying discovery on the bad-faith claim. *Id*. at ¶ 29-30.

{¶13} In *Libbey, Inc. v. Factory Mut. Ins. Co.*, N.D.Ohio No. 3:06 CV 2412, 2007 U.S. Dist. LEXIS 45160 (June 21, 2007), a case involving a single occurrence and a single customer, the court found that bifurcation and a stay of discovery on a bad-faith claim was warranted. The court found as follows:

> Here, Factory Mutual asserts * * * that the breach of contract claims and the bad faith claims are closely interrelated because the denial of coverage is central to both types of claims. * * * [T]his case is a more typical coverage dispute with a bad faith denial, a fact pattern more akin to the cases of *Boone* and *Garg* where the courts found a stay and bifurcation appropriate. There are no unusual circumstances or extended litigation schedules to

cause considerations of judicial economy to weigh more heavily in favor of Libbey.

While the Court recognizes a stay and bifurcation may extend the length of litigation, and perhaps cause some duplication and extra expense, the Court finds the potential prejudice to Factory Mutual outweighs any decrease in judicial economy or efficiency. Furthermore, the Court's past practice is to minimize any inconvenience by scheduling a thirty-day discovery period and trial for the bad faith claims immediately following the trial of the breach of contract claim. The attorney-client communications Libbey would discover if this Motion is denied may be relevant to determine whether Factory Mutual acted in bad faith; however, they may also be highly relevant to Factory Mutual's defense of the breach of contract claim.

*Libbey* at *29-30.

{¶14} Likewise, in *Ferro Corp. v. Continental Cas. Co.*, N.D.Ohio No. 1:06CV1955, 2008 U.S. Dist. LEXIS 108010 (Jan. 7, 2008), the court granted the insurers' motion to bifurcate and to stay discovery on the bad-faith claims pending a determination of the coverage issues. With regard to the stay of discovery, the court found as follows:

While the Court is sensitive to Plaintiff's concerns regarding efficient allocation of resources and judicial economy, the Court finds that such concerns clearly are outweighed by the danger of unfair prejudice to Defendants. Furthermore, the Court finds that bifurcation would be ineffective to prevent prejudice to Defendants if not coupled with a stay of discovery on the bad faith issues. Because of the facts of this case and the manner in which these claims were handled by the parties, it is clear, as explained previously, that any of Defendants' attorney-client communications relating to the bad faith issue are interrelated with coverage issues. * * * Failure to impose a stay would result in manifest prejudice to Defendants' ability to defend the coverage issues.

*Id*. at *22-23.

**{¶15}** We recognize that this matter is before an experienced and well-respected trial judge, and we do not take lightly that there may be instances where judicial economy may outweigh possible prejudice to an insurance company. Nevertheless, the circumstances in this matter are akin to those presented in the cases discussed above. This action relates to a single claim and involves a single homeowner; the claims are straightforward and interrelated, and resolution of the breach-of-contract claim may dispose of the bad-faith claim. Further, allowing discovery to proceed on the bad-faith claim will inhibit the insurer's ability to defend on the underlying claims and will be highly prejudicial to Grange and Zito. For these reasons, we find that the trial court acted unreasonably in denying a stay of discovery on the bad-faith claim.

**{¶16}** We note once the underlying claims are decided, and provided the bad-faith claim remains unresolved, discovery may proceed on the bad-faith claim in as rapid a manner as the trial court deems appropriate. In this regard, courts have determined that an in camera review of the claims file is appropriate to determine which materials in the claims file are relevant to the bad-faith claim. *See Stewart*, 2012-Ohio-6123, 985 N.E.2d 226, at ¶ 55-56 (11th Dist.); *Unklesbay v. Fenwick*, 167 Ohio App.3d 408, 2006-Ohio-2630, 855 N.E.2d 516, ¶ 21 (2d Dist.) (trial court abused its discretion in failing to conduct an in camera review of the claims file because a bad-faith claim does not entitle disclosure of everything in a claims file). "[T]he critical issue in evaluating the discoverability of otherwise privileged materials is * * * whether they may cast light

on bad faith on the part of the insurer." *Garg*, 155 Ohio App.3d 258, 2003-Ohio-5960, 800 N.E.2d 757, at ¶ 20.

**{¶17}** Accordingly, we sustain the assigned error. Upon remand, the trial court shall enter an order staying discovery on the bad-faith claim, pending resolution of the other claims.

**{¶18}** Judgment reversed, and cause remanded.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, J., CONCURS;
LARRY A. JONES, SR., P.J., DISSENTS (WITH SEPARATE OPINION)

LARRY A. JONES, SR., P.J., DISSENTING:

{¶19} Respectfully, I dissent. This is an appeal from the trial court's judgment denying Grange and Zito's motion to stay discovery on Devito's bad-faith insurance claim. The majority cites two Eleventh Appellate District opinions to support its finding that a trial court's judgment constitutes a final appealable order. But this court has held that such an order is not final and appealable. *See Holivay v. Holivay*, 8th Dist. Cuyahoga No. 89439, 2007-Ohio-6492, ¶ 10 ("because the denial of a stay of proceedings is not a final appealable order, we must therefore dismiss this appeal for lack of jurisdiction"); *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs., Inc.*, 8th Dist. Cuyahoga No. 84209, 2004-Ohio-6419, ¶ 13 ("a stay of discovery is not a 'provisional remedy,' the denial of which is subject to immediate appeal pursuant to R.C. 2505.02(B)(4)").

{¶20} Addressing the merits, the majority noted that the Ohio Supreme Court has held that, in an action alleging bad-faith denial of insurance coverage, the insured is entitled to obtain through discovery, documents in the insurer's claim file containing attorney-client communications and work product that may shed light on whether the denial was made in bad faith. *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 744 N.E.2d 154 (2001). But the majority finds that the trial court acted "unreasonably" regarding the timing of Devito's discovery request.

**{¶21}** As correctly stated by the majority, discovery orders are reviewed for an abuse of discretion. *Acme Arsena Co., Inc. v. J. Holden Constr. Co., Ltd.*, 8th Dist. Cuyahoga No. 91450, 2008-Ohio-6501, ¶ 9. Abuse of discretion is an extremely high standard; it demands that the trial court exhibited a "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993), citing *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984). Thus, an appellate court, in applying the abuse of discretion standard, may not substitute its judgment for that of the trial court. *Pons* at *id.*

**{¶22}** I do not think that the trial court abused its discretion by denying Zito and Grange's motion to stay. The concerns cited by the majority were presented to the court in appellants' motion. As *Boone* instructs, "*if* the trial court finds that the release of [claims file] information will inhibit the insurer's ability to defend on the underlying claim, it *may* issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim." (Emphasis added.) *Id.* at 214.

**{¶23}** The trial court did not find that appellants' and the majority's concerns required that it stay discovery. I find nothing in the record to indicate that the trial court's decision was an abuse of discretion. I therefore dissent from the majority's opinion.