[Cite as *Loukinas v. State Farm Mut. Auto. Ins. Co.*, 2019-Ohio-3300.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STEPHEN LOUKINAS, Individually and as Parent and Next Friend of his minor children, Stephen, Jr., Bradyn, Hailey, and Austin Loukinas, | : | APPEAL NO. C-180462<br>TRIAL NO. A-1504183 |
| | : | |
| JOYCE LOUKINAS, Individually and as Parent and Next Friend of her minor children, Stephen, Jr., Bradyn, Hailey, and Austin Loukinas, | : | *O P I N I O N.* |
| | : | |
| BRADYN LOUKINAS, | : | |
| HAILEY LOUKINAS, | : | |
| AUSTIN LOUKINAS, | : | |
| and | : | |
| STEPHEN LOUKINAS, JR., | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part and Reversed in Part

Date of Judgment Entry on Appeal: August 16, 2019

*Loeb, Vollman & Friedmann* and *Mark C. Vollman*, for Plaintiffs-Appellees,

*Gallagher, Gams, Pryor, Tallan & Littrell L.L.P.*, *Mark H. Gams* and *James R. Gallagher*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   State Farm Mutual Automobile Insurance Company ("State Farm") appeals the trial court's order granting in part the motion to compel discovery by the plaintiffs-appellees in their action for a declaratory judgment, breach of contract, and bad-faith handling of their uninsured-motorist claim.

### *Background*

{¶2}   Plaintiff-appellee Stephen Loukinas was injured in an automobile accident with an uninsured motorist on January 12, 2010.  On January 4, 2013, Loukinas and his wife Joyce Loukinas, individually and on behalf of their four children, initiated a declaratory judgment action against State Farm, Stephen's automobile liability insurance carrier, upon its refusal to pay his claim for uninsured-motorist coverage.  The plaintiffs dismissed the action without prejudice in October 2014, and refiled it in August 2015.  In the refiled action, in addition to seeking a declaration of their rights under the insurance policy, the plaintiffs sought compensatory and punitive damages for breach of contract and for breach of the duty to act in good faith in handling their claim.

{¶3}   State Farm filed a motion to bifurcate the bad-faith cause of action and claim for punitive damages (what it termed the "non-contractual claims") from the declaratory-judgment and breach-of-contract causes of action (what it termed the "contractual insurance coverage portion of the case"), and to stay all discovery regarding the bad-faith and punitive-damages claims until after the trial of the contractual-insurance-coverage claims.  After the trial court denied the motion, State Farm appealed.  We dismissed the appeal for lack of jurisdiction upon our determination that the trial court's order denying State Farm's motion to bifurcate and to stay discovery was not a final, appealable order.  *See Loukinas v. State Farm Mut. Auto. Ins. Co.*, 1st Dist. Hamilton No. C-160311 (Sept. 9, 2016).

{¶4} Then the plaintiffs filed a motion to compel discovery of State Farm's entire claims file and to compel the depositions of State Farm's claims representatives. State Farm filed a motion for a protective order regarding its claims file and the testimony of its claims representatives. Thereafter, the case was reassigned to another trial judge.

{¶5} State Farm asked the new trial judge to reconsider the previous judge's rulings on its motion to bifurcate and to stay discovery. State Farm provided the plaintiffs a redacted copy of the claims file as well as a privilege log that identified the redacted items and the reasons that the items were redacted. In addition, State Farm gave the trial court an unredacted copy of the claims file so that it could conduct an in camera review.

{¶6} The trial court granted State Farm's motion to bifurcate the bad-faith claim from the underlying declaratory-judgment and breach-of-contract claims. The court found that bifurcation was appropriate because the bad-faith cause of action hinged upon "an initial determination of coverage." The court determined that "before a jury can assess whether State Farm has unfairly evaluated Mr. Loukinas's claim, purposely delayed processing his claim, or offered unreasonably low settlements as alleged in the bad faith cause of action," the issue of coverage must first be adjudicated.

{¶7} After an in camera review, the trial court also granted State Farm's motion to stay discovery on the bad-faith claim pending the outcome of the underlying declaratory-judgment and breach-of-contract claims. The court recognized that State Farm's ability to defend the underlying claims would be inhibited by a release of claims file materials containing privileged or work-product protected materials related to the bad-faith claim.

{¶8} The trial court also granted in part and denied in part the plaintiffs' motion to compel discovery. The court denied the motion to compel with respect to

4

some of the documents identified in State Farm's privilege log as being either "attorney-client privileged" or "work product."

{¶9}    However, despite its stay on discovery related to the bad-faith claim, the court ordered State Farm to immediately turn over to the plaintiffs all documents, created prior to January 4, 2013 (the filing date of the plaintiffs' first complaint), identified as work product. The court ordered State Farm to turn over any item identified by State Farm as an "evaluation," that was "created by claims representatives at any time." The court found that the evaluations were "relevant to the issue of coverage and may cast light on the bad faith cause of action."

{¶10}  The court also ordered State Farm to turn over several documents only *after* the adjudication of the declaratory-judgment and breach-of-contract claims, because they were "not relevant to the declaratory action," but "may, however, cast light on the bad faith cause of action." These included a document identified in the privilege log as "[e]valuation, work product, attorney-client privileged," and five documents identified in the log as "[c]reated after lawsuit filed, work product, evaluation."

{¶11}  With respect to the depositions of State Farm claims representatives, the court ordered the following:

> Just like the issue of the claims file materials, all discovery relating to
> the claims representatives on matters that occurred up until January
> 4, 2013, are not subject to work product doctrine. Further, testimony
> of the claims representatives regarding the method of evaluation may
> be relevant to the declaratory action as no denial of coverage ever
> occurred. The testimony of the claims representatives regarding the
> method for processing claims may be relevant to the declaratory
> action, may cast light on the bad faith cause of action, and is
> discoverable as an exception to any attorney-client privilege that could

5

be asserted. Therefore [c]laims representatives may be compelled to testify as to any evaluations made at any point in Mr. Loukinas's claim and any methods of claims processing used up until January 4, 2013 in Mr. Loukinas's claim.

{¶12} Finally, the court ordered that State Farm submit an amended privilege log as to items identified as having been "[c]reated after lawsuit filed," because the items were insufficiently described for the court to assess the asserted privilege or work-product protection. The court ordered State Farm to "list each file note withheld individually, and provide not only the protection or privilege invoked (i.e., work product, attorney-client privileged, not relevant to the declaratory action, etc.), but also describe the item and explain the reason for withholding it so that this [c]ourt can assess State Farm's claims of privilege or protection." The amended privilege log and the court's order addressing the items in the amended log are not before us.

{¶13} State Farm now appeals the trial court's order granting in part the plaintiffs' motion to compel and denying in part its motion to stay discovery on the plaintiffs' bad-faith claim. The plaintiffs did not appeal either the trial court's bifurcation order or its discovery order.

### *Jurisdiction*

{¶14} First, we must determine whether we have jurisdiction over this appeal. Our jurisdiction is limited to the review of final judgments of lower courts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03(A). Before this court can exercise jurisdiction over an appeal, the order of the lower court must meet the finality requirements of R.C. 2505.02. State Farm argues that the order in this case is final under R.C. 2505.02(B)(4).

6

{¶15} Under R.C. 2505.02(B)(4), an order that grants or denies a provisional remedy is a final order if (a) "[t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and (b) "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶16} Generally, discovery orders by a trial court are neither final nor appealable. *Summitbridge Natl. Invests., L.L.C. v. Ameritek Custom Homes, Inc.*, 1st Dist. Hamilton No. C-120476, 2013-Ohio-760, ¶ 6. But a proceeding for discovery of privileged matter is a "provisional remedy" within the meaning of R.C. 2505.02(A)(3). *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 5.

{¶17} The plaintiffs argue that the court's order does not involve a provisional remedy because State Farm has failed to establish that any of the requested documents contain privileged information. However, a party is not required to conclusively prove the existence of privileged matter as a precondition to appellate review under R.C. 2505.02(B)(4). *Byrd v. U.S. Xpress, Inc.*, 2014-Ohio-5733, 26 N.E.3d 858, ¶ 12 (1st Dist.). "To impose such a requirement would force an appellate court 'to decide the merits of an appeal in order to decide whether it has the power to hear and decide the merits of an appeal.' " *Id.*, quoting *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, ¶ 35 (1oth Dist.). Instead, a party need only make a "colorable claim" that materials subject to discovery are privileged in order to qualify as a provisional remedy. *Id.* Because there is a colorable claim that at least some of the information for which State Farm seeks protection is privileged information, we hold that the order qualifies as a provisional remedy. *See id.*

{¶18} Next, we must consider whether the order determines the action with respect to the provisional remedy and prevents a judgment in favor of State Farm, the appealing party, with respect to the provisional remedy. *See* R.C. 2505.02(B)(4)(a). In its motion for a protective order and in response to the plaintiffs' motion to compel, State Farm asserted that it should not be ordered to disclose work product, evaluations, defense strategies, or any information protected by attorney-client privilege. Because the effect of the trial court's order is that privileged or protected information will be disclosed, the order has determined the action with respect to the provisional remedy. "Any order compelling the production of privileged or protected materials certainly satisfies R.C. 2505.02(B)(4)(a) because it would be impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials." *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 21.

{¶19} Finally, we must consider whether State Farm would be able to obtain meaningful relief by an appeal following the entry of final judgment. *See* R.C. 2505.02(B)(4)(b). State Farm seeks to prevent the disclosure of privileged and protected information. Because the trial court's order compels the production of material allegedly protected as work product and by the attorney-client privilege, the order satisfies R.C. 2505.02(B)(4)(b) because there is no effective remedy other than an immediate appeal. *Burnham* at ¶ 25.

{¶20} Accordingly, State Farm has demonstrated that we have jurisdiction to entertain the appeal.

### The Merits of the Appeal

{¶21} We now turn to the merits of the appeal. In a single assignment of error, State Farm argues that the trial court erred in denying in part State Farm's motion to stay discovery, in granting the plaintiffs' motion to compel discovery of

8

State Farm's evaluations contained in the claims file, and in compelling State Farm personnel to testify regarding State Farm's evaluation of the plaintiffs' claim. Where, as here, a trial court's discovery order involves an alleged privilege, we review the order de novo. *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13.

{¶22} State Farm argues that "[w]hen the insured and insurer disagree over the value of an uninsured motorist claim, all documentation such as evaluations and depositions of claims people regarding the evaluations of the uninsured motorist claim should be stayed until the uninsured motorist claim has been decided by the trier of facts."

{¶23} In *Boone v. Vanliner*, 91 Ohio St.3d 209, 213-214, 744 N.E.2d 154 (2001), the Supreme Court of Ohio held that:

> [I]n an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage.

{¶24} Ohio courts have held that *Boone*'s rationale extends to work-product materials, such that both attorney-client materials and work-product materials are subject to disclosure during discovery on bad-faith claims. *Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App.3d 258, 2003-Ohio-5960, 800 N.E.2d 757, ¶ 16 (2d Dist.); *DeVito v. Grange Mut. Cas. Co.*, 2013-Ohio-3435, 996 N.E.2d 547, ¶ 5, 9 (8th Dist.).

{¶25} In *Boone*, the Supreme Court recognized that the release of work product or attorney-client privileged materials related to the issue of coverage might inhibit an insurer's ability to defend itself on the underlying claim. *Boone* at 214. The court suggested that, in such a situation, the trial court "may issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim." *Id.*

9

{¶26} State Farm acknowledges that otherwise protected attorney-client communications and work-product materials are discoverable with respect to the bad-faith claims. State Farm contends, however, that it cannot simultaneously prepare and present a defense to the underlying uninsured-motorist claim if it is required to turn over its claims file materials containing its evaluations and strategies for defending the underlying case.

{¶27} State Farm directs us to post-*Boone* decisions of the Second and Eighth Districts that held a trial court acted unreasonably in denying a stay of discovery with regard to attorney-client communications or work-product documents relating to a bad-faith claim, pending resolution of the underlying breach-of-contract claim, because allowing discovery to proceed on the bad-faith claim would be prejudicial to the insurer. *See Garg*, 155 Ohio App.3d 258, 2003-Ohio-5960, 800 N.E.2d 757; *DeVito*, 2013-Ohio-3435, 996 N.E.2d 547. We are persuaded by the reasoning in *Garg* and *DeVito* regarding the likelihood of prejudice to an insurer resulting from the disclosure of privileged or protected materials before the resolution of the underlying claims.

{¶28} In *DeVito*, the Eighth District held that allowing discovery to proceed on the bad-faith claim would inhibit the insurer's ability to defend the underlying breach-of-contract claim and would be "highly prejudicial" to the insurer. In *Garg*, the Second District held that the plaintiffs were not entitled to discover the insurance company's attorney-client communications and work-product materials for purposes of their underlying breach-of-contract and unfair-claims-practices claims, absent waiver of those privileges. *Garg* at ¶ 29. The court reasoned that:

> Although [correspondence containing Grange's attorney's analysis of
> the factual investigation of the claim and of the defense of arson] may
> cast light on whether Grange acted in bad faith in handling the Gargs'
> claim and, thus, is discoverable for purposes of the bad-faith claim, it

is also highly relevant to Grange's defense of the breach-of-contract and unfair-claims-practices claims. To require Grange to divulge its otherwise privileged information prior to a resolution of those other claims would unquestionably impact Grange's ability to defend against them.

*Id.*

{¶29} Similarly, in *Brummitt v. Seeholzer,* 6th Dist. Erie No. E-13-035, 2015-Ohio-71, ¶ 30-32, the Sixth District held that the trial court did not err by denying the plaintiffs' motion to compel discovery of an insurance claims file where the insurer alleged that it would be prejudiced by discovery of the claims file "because it contains defense theories and strategies including documentations and evaluations."

{¶30} We hold, therefore, that the plaintiffs are not entitled to discover the materials protected by the work-product doctrine or attorney-client privilege in State Farm's claims file for purposes of their declaratory-judgment and breach-of-contract claims. Although these documents may cast light on whether State Farm acted in bad faith in handling the plaintiffs' claim and, thus, are discoverable for purposes of the bad-faith claim, they retain their privileged status for the underlying claims.

{¶31} Requiring State Farm to divulge its otherwise protected information prior to a resolution of those other claims would undoubtedly affect State Farm's ability to defend against them, and would, as State Farm contends, render the bifurcation order "toothless." Accordingly, we hold that, where the trial court bifurcated the bad-faith claim from the underlying claims, the court erred by compelling State Farm to disclose materials protected by the work-product doctrine or attorney-client privilege contained in its claims file and compelling the depositions of its representatives about these materials prior to the resolution of the declaratory-judgment and breach-of-contract claims.

### *Conclusion*

**{¶32}** Consequently, we sustain the sole assignment of error. We reverse the trial court's judgment to the extent that it compelled State Farm to disclose, prior to the resolution of the underlying declaratory-judgment and breach-of-contract claims, the materials protected by the work-product doctrine or attorney-client privilege in its claims file and the depositions of its representatives regarding those materials. In all other respects, the judgment of the trial court is affirmed.

Judgment accordingly.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.