[Cite as *State v. Cunningham*, 2021-Ohio-4051.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0047 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| ERIK A. CUNNINGHAM, | Trial Court No. 2019 CR 00022 |
| Defendant-Appellant. | |

# **M E M O R A N DU M**
## **O P I N I O N**

Decided: November 15, 2021
Judgment: Appeal dismissed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Donald J. Malarcik* and *John P. Stiles*, 121 S. Main Street, Suite 520, Akron, OH 44308 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}   Appellant, Erik A. Cunningham, appeals the trial court's discovery order, which concluded that a Special Master is not necessary to review the contents of seized cell phones before releasing certain information to the state of Ohio.  After requesting the parties to brief the issue of appealability, we conclude dismissal of the appeal is warranted.

{¶2}   Appellant, accused of killing his wife, was indicted on charges of murder and felonious assault.  The state obtained a search warrant for his parents' cell phones,

which were then seized by the police department. Appellant moved the trial court to appoint a Special Master to review the contents of his father's phone, in particular, for information protected under the attorney-client privilege and as attorney work product. Appellant asserted that his father is paying for expert witnesses and that his phone contains numerous text messages and emails with defense counsel that discuss experts, potential experts, and other witnesses on appellant's behalf.

{¶3} Appellant subsequently offered that a Special Master would not be necessary if the court limited the extraction to emails and text messages between his parents, the victim, and a third party between the dates of October 24, 2018, and January 3, 2019. The state did not object to appointment of a Special Master to review the contents of the cell phones beginning on the date defense counsel first entered a notice of appearance, January 4, 2019, and thereafter, but it did object to any further limitation on the extraction of data.

{¶4} The trial court held multiple hearings on the matter. The court concluded that the search warrant was proper and that the state and defense counsel are entitled to all information gathered from the cell phones for the time period prior to January 4, 2019. The court did not limit the extraction any further as had been requested by appellant. The court concluded that information obtained any time after January 4, 2019, is inadmissible and, therefore, a Special Master is not necessary to review the cell phone contents. The court ordered Ohio Bureau of Criminal Investigation ("BCI") to review, segregate, and release to the parties only the admissible information extracted from the cell phones.

2

{¶5} The issue currently before us is whether this is a final, appealable order under R.C. 2505.02(B)(4), which provides that an order is final when it "grants or denies a provisional remedy" and both of the following apply:

> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence * * *." R.C. 2505.02(A)(3).

{¶6} "Whenever a party is required to provide information under a discovery order, it will be impossible to 'unring the proverbial bell.' Despite this, the General Assembly defines 'provisional remedy' extremely narrowly; i.e., a discovery order relating to the release of information is only appealable when the information is either confidential or privileged." *Colombo v. Mismas Law Firm, L.L.C.*, 11th Dist. Lake No. 2014-L-069, 2015-Ohio-812, ¶ 22; *accord Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, ¶ 33 (10th Dist.), citing *Myers v. Toledo,* 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶ 24. "An order compelling the production of materials alleged to be protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4). Prejudice would be inherent in violating the confidentiality guaranteed by the attorney-client privilege, and therefore, an appeal after final judgment would not provide an adequate remedy." *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 30.

3

{¶7} "[A] party is not required to conclusively prove the existence of privileged matter as a precondition to appellate review under R.C. 2505.02(B)(4)." *Loukinas v. State Farm Mut. Auto. Ins. Co.*, 1st Dist. Hamilton No. C-180462, 2019-Ohio-3300, ¶ 17, citing *Byrd v. U.S. Xpress, Inc.*, 2014-Ohio-5733, 26 N.E.3d 858, ¶ 12 (1st Dist.). "'To impose such a requirement would force an appellate court "to decide the merits of an appeal in order to decide whether it has the power to hear and decide the merits of an appeal."' Instead, a party need only make a 'colorable claim' that materials subject to discovery are privileged in order to qualify as a provisional remedy." *Loukinas* at ¶ 17, quoting *Byrd* at ¶ 12, quoting *Bennett* at ¶ 35. *Accord, e.g., Phillips v. Vesuvius USA Corp.*, 8th Dist. Cuyahoga No. 108888, 2020-Ohio-3285, ¶ 12.

{¶8} "A 'colorable claim' means '[a] plausible claim that may reasonably be asserted, given the facts presented[.]'" *State v. E.I. Du Pont De Nemours & Co.*, 4th Dist. Washington No. 20CA30, 2021-Ohio-2614, ¶ 16, quoting *Black's Law Dictionary* (11th Ed.2019); *see also Burnham* at ¶ 3, ¶ 29 (appellant satisfied its burden when it "plausibly alleged" and made a "colorable claim" that the report subject to discovery was governed by the attorney-client privilege). "Thus, to establish a 'colorable claim' that material is protected by the attorney-client privilege, a party must present more than '[s]peculation and unsubstantiated allegations' that the documents are privileged." *E.I. Du Pont De Nemours* at ¶ 17, quoting *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, ¶ 277. *Accord DMS Constr. Ents., L.L.C. v. Homick*, 8th Dist. Cuyahoga No. 109343, 2020-Ohio-4919, ¶ 44.

{¶9} Here, Cunningham's claim solely relates to the attorney-client privilege and protected attorney work product, and the parties agree that defense counsel first entered

4

an appearance on Cunningham's behalf on January 4, 2019. The trial court concluded that any information extracted from the cell phones after that date is inadmissible and ordered BCI to review and release to the parties only the extracted information prior to that date. As pertains to the data the trial court ordered discoverable, however, Cunningham does not present a colorable claim that its discovery will result in access to attorney-client privileged information or attorney work product. His brief in support of the notice of appeal merely states, in conclusory fashion, that his assertion that access to the data on the seized cell phones will result in access to confidential and privileged information constitutes a "colorable claim."

{¶10} Accordingly, the proceeding that resulted in the discovery order here does not qualify as a provisional remedy, and the discovery order is not final and appealable under R.C. 2505.02(B)(4). "An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10; Ohio Constitution, Article IV, Section 3(B)(2). We therefore dismiss this interlocutory appeal for lack of jurisdiction.

{¶11} Appeal dismissed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.


5

Case No. 2021-P-0047